IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00013-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

 v.

1. EDWARD BOROUGHF,

 Defendant.

---

# PROTECTIVE ORDER

---

 This matter comes before the Court on the United States' Motion for Entry of a Protective Order [Docket No. 19]. As noted at the April 17, 2018 hearing, the Court finds that good cause exists to impose limitations on the dissemination of confidential information or sensitive data. Wherefore, it is

 **ORDERED** that the Government's Motion for Protective Order [Docket No. 19] is granted. It is further

 **ORDERED:**

 1. This Protective Order shall apply to all documents, materials, manuals, books, papers, data, or other objects produced under Fed. R. Crim. P. 16, and marked "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" ("Confidential Information"). This Protective Order shall apply to (a) the government, its agents, consultants and experts; (b) the Defendant, through appointed counsel, his agents, investigators, consultants

and experts; (c) the Court and its staff; and (d) other parties identified only by amendment to this Order.

       2.       Confidential Information may be viewed, but not retained, by Defendant.

       3.       The following may be designated and disclosed as Confidential Information: (a) non-privileged communications of Defendant; (b) communications between the Department of Justice, the Federal Bureau of Investigation, and the Federal Bureau of Prisons; (c) documents regarding the operation of the Florence Correctional Complex that could impact institutional security and/or safety; (d) documents that contain information that is exempt under the Freedom of Information Act; (e) documents that involve law-enforcement sensitive matters or implicate law enforcement techniques; (f) documents that implicate the Health Insurance Portability and Accountability Act ("HIPPA"); (g) documents that contain agency deliberative process sensitive information; (h) documents that concern the institutional adjustment of Defendant or other inmates; and/or (i) information that is protected by the Privacy Act of 1974.

       4.       Confidential Information shall not be disclosed or used for any purpose except during this case, including pre-trial proceedings, trial, sentencing, and appeals. This provision does not prevent Defendant's counsel from building general institutional knowledge. The protections granted by this Protective Order shall not be waived.

       5.       Confidential Information may be reproduced electronically for litigation management purposes only. Electronically reproduced Confidential Information must retain the mark "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS."

6. In addition to the restrictions set forth in Paragraph 4, Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a) Defense counsel;

    b) Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    c) The Court, and necessary Court staff; and

    d) Other persons by written agreement of the parties.

7. Transmittal of Confidential Information: A copy of this Order shall accompany Confidential Information transmitted to an agent, consultant, or expert retained by either party. The transmitting party shall maintain a log identifying the person to whom the information was provided, what information is provided, and when the Protective Order was provided to them. The transmitting party shall obtain from each recipient, a dated, signed acknowledgment of receipt of this Order and the Confidential Information transmitted, identified by bates number, or data file. All such acknowledgments and the log shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by the opposing party.

8. Confidential Information attached to a pleading shall be filed as a restricted document in conformance with D.C.Colo.LCrR47.1, and will maintain all original markings required under this Order, watermarks, headers, and footers.

9. Confidential Information offered as an exhibit in pretrial proceedings must be submitted with all original markings and will be docketed as restricted.

10. Markings identifying a document as "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" must be removed from any trial exhibit before the exhibit is tendered to a witness and/or disclosed to a jury. Upon conclusion of the proceedings before this Court, all exhibits subject to this provision shall be returned to the government and preserved as modified under this provision for the record on appeal.

11. A party may object to the designation of discovery as Confidential Information. Objections shall be filed within the deadline for filing of pretrial motions, or, no later than 10 days after receipt of discovery tendered after the motions filing deadline. Documents subject to objection shall be filed as restricted, consistent with the provision of this Order.

12. Before filing any objection under paragraph 11, the objecting party must confer with counsel for the government to resolve any objections.

13. Defense counsel may retain a single electronic copy of the materials designated as Confidential Information pursuant to its internal retention policies. The digital file shall retain any original marks of "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" designated as subject to a protective order and maintained with this Order.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 18th day of April 2018.

    s/Philip A. Brimmer
    PHILIP A. BRIMMER
    United States District Judge