IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00013-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDWARD BOROUGHF,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on defendant's Motion to Dismiss [Docket No. 31], wherein defendant Edward Boroughf asks the Court to dismiss the charges due to the government preventing his attorney from having access to him. In particular, the defendant claims that his CJA attorney was appointed on April 2, 2018; the investigator for the defendant was told that Correction Officer ("CO") Weise was defendant's counselor and would be the person to schedule attorney visits; the investigator left telephone messages for Mr. Weise between May 1 and May 10 without hearing back from Mr. Weise; on May 11, another CO told the investigator what documentation was necessary for attorney visits, which documents were forwarded on May 14; and, despite messages being left for him, Mr. Weise had still not called about scheduling a visit as of the May 25 filing date of the motion. Docket No. 31 at 2.

    The government responds by stating that not until May 14 did defense counsel provide the required paperwork to the BOP, despite such paperwork being identified on

the BOP website. Docket No. 33 at 2. The government also claims that the defendant's investigator and attorney did not avail themselves of other means of facilitating a visit, such as calling the assigned AUSA. Id. Finally, the government argues that a delay of two and a half weeks, from May 14 to May 31, does not justify dismissal of the charges. Id. at 4 and n.3 (noting that, on May 31, the BOP offered defendant's investigator a time at his convenience to meet with the defendant and the investigator chose June 11).

In *United States v. Morrison*, 449 U.S. 361, 364 (1981), the Court stated that "[c]ases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." Until May 14, when defendant's investigator provided the necessary paperwork to the BOP, the BOP did not prevent defendant from having visits from his attorney. The defendant's attorney and investigator, however, were unable to visit the defendant between May 14 and May 31 in large part due to the counselor's failure to contact the investigator. Other COs and even the warden, Docket No. 34-2 at 2, could not explain why Mr. Weise failed to return the investigator's calls.

Although the lack of visitation can constitute a significant infringement of defendant's Sixth Amendment right to counsel, defendant does not identify what prejudice he has suffered as a result.[1] For example, even though the investigator and

---

[1] In his Motion to Extend Motion-Filing Deadline [Docket No. 35], the defendant asks for an extension of the June 18 motions deadline on the ground that counsel cannot determine what motions should be filed until counsel meets with defendant for a significant amount of time and reviews discovery with him. Id. at 1. While the request

2

counsel could not visit the defendant from May 14 to May 31, there is no allegation that they could not otherwise communicate with him. The trial in this matter is scheduled for September 17, 2018, which allows a significant period for trial preparation. "The premise of our prior cases is that the constitutional infringement identified has had or threatens some adverse effect upon the effectiveness of counsel's representation or has produced some other prejudice to the defense. Absent such impact on the criminal proceeding, however, there is no basis for imposing a remedy in that proceeding, which can go forward with full recognition of the defendant's right to counsel and to a fair trial. More particularly, absent demonstrable prejudice . . . , dismissal of the indictment is plainly inappropriate. . . ." *Morrison*, 449 U.S. at 366. Here, without a showing of prejudice, there is no basis to grant the motion.

Wherefore, it is

**ORDERE**D that defendant's Motion to Dismiss [Docket No. 31] is denied.

DATED June 12, 2018.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

for an extension of time is reasonable, defendant did not make this argument in support of the motion to dismiss and, in any event, does not explain why he could not have met with counsel between June 1 and June 11.